FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 JAN -7 PM 3: 26

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **STEVIE R. MATHIS,** | ] | |
| Plaintiff, | ] | |
| v. | ] | CV-02-BE-1533-S |
| **ALABAMA POWER,** | ] | |
| Defendant. | ] | |

ENTERED
JAN - 7 2004

## MEMORANDUM OPINION

### I. INTRODUCTION

This case is before the court on a motion for summary judgment (doc. # 30 ) filed by defendant Alabama Power Company ("Alabama Power"). After briefing by both sides, the court held a hearing on December 16, 2003. For the reasons stated on the Record and summarized below, the court finds that the defendant's motion for summary judgment is due to be granted in its entirety.

Plaintiff Stevie R. Mathis ("Mathis"), an African-American male, alleges a violation of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, ("Title VII") and 42 U.S.C. § 1981.[1] The court has jurisdiction of this case under 28 U.S.C. § 1331 pursuant to its federal question jurisdiction.

---

[1] The same prima facie elements are required to prove 42 U.S.C. § 1981 discrimination claim as are required to prove Title VII discrimination claims. *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989); *Brown v. American Honda Motor Co.*, 939 F.2d 946 (11th Cir. 1991). Consequently, the court will analyze Mathis' claims within the Title VII analytical framework.

1

Mathis began his employment with Alabama Power in July 1979 and has held the position of Electric & Instrumentation ("E&I") Journeyman since 1994. Mathis works at the Miller Steam Plant ("Plant Miller"). Plaintiff contends that he has been repeatedly denied promotional opportunities because of his race and that he was retaliated against after filing a charge of employment discrimination with the EEOC.

The challenged selection decisions in this case are the March 2000 E&I Team Leader position that was awarded to Barry Burgett, a white male ("the Burgett position"), and the January 2001 E&I Team Leader job that was awarded to Darrall Harris ("the Harris position"), an African-American male.

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases when no genuine issues of material fact are presented and when the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The parties' disagreement on each and every fact is not significant; the law requires only that "there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). *See also Celotex v. Catrett,* 477 U.S. 317, 327 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 251-52. Mere speculation is insufficient to create an issue of fact and defeat a properly-supported motion for summary judgment. *See Ramsey v. Leath*, 706 F.2d 1166, 1169-70 (11th Cir. 1983).

## II. DISCUSSION[2]

In its motion for summary judgment, the defendant urges the court to dismiss the plaintiff's Title VII failure to promote claims relating to (1) Burgett's selection for the 2000 Electric & Instrumentation ("E&I") Team Leader Position; (2) Harris' selection for the 2001 E&I Team Leader Position; and (3) Randy Mayfield's selection for the 2001 Security Manager position. At oral argument, plaintiff's counsel indicated that Mathis was abandoning the failure to promote claims relating to the 2001 Security Manager position and the 2001 E&I Team Leader position. According to plaintiff's counsel, the claim regarding the 2001 E&I Team Leader position is premised on the legal theory that Mathis was denied this position in retaliation for filing an EEOC charge of discrimination. Based on plaintiff's abandonment of these claims, the court concludes that the defendant's motion for summary judgment is due to be granted on the plaintiff's Title VII failure to promote claims relating to the 2001 E&I Team Leader position and the 2001 Security Manager position.

The court also concludes that the defendant's motion for summary judgment on the failure to promote claim relating to the 2000 E&I Team Leader position is due to be granted because the plaintiff has not adduced sufficient evidence to create a genuine issue of fact on the issue of pretext. Similarly, summary judgment is also due to be granted on the plaintiff's retaliation claim. Specifically, Mathis has failed to establish a causal connection between his filing an EEOC charge and his failure to receive the 2001 E&I Team Leader position or, alternately, failed to create a genuine issue of material fact that the proffered reason for Harris'

---

[2]Based on the lengthy and through presentation of the facts in the parties' briefs and at oral argument, the court does not include a recitation of the facts in this Memorandum Opinion.

selection was pretextual.

### A. Plaintiff's Failure to Receive the 2000 E&I Team Leader Position

The court finds a genuine issue of material fact regarding whether the statute of limitations accrued (1) on the date that Burgett assumed the position as the E&I Team Leader on May 6, 2000 or (2) on April 25, 2000, the date when Alabama Power publically announced Burgett's selection for the position. The existence of this factual dispute is fatal to Alabama Power's argument that plaintiff's discrimination claim regarding Burgett's selection is time barred. *Compare* 42 U.S.C. § 2000e-5(e) (indicating that plaintiff's in Title VII cases must file a complaint with the EEOC within 180 days after the alleged discriminatory practice *with Yates v. Mobile County Pers. Bd.,* 658 F.2d 298, 299 (5th Cir. 1981) (holding that the statute of limitations period starts running from the time that the complainant knows or reasonably should know the challenged act has occurred).[3] "When a disputed issue of fact is raised, the determination of the date of accrual of a cause of action for statute-of-limitations purposes is a question of fact to be submitted to and decided by a jury." *Jim Walter Homes, Inc. v. Kendrick,* 810 So. 2d 645, 650 (Ala. 2001); *Young v. Easter Enterprises, Inc.,* 915 F. Supp. 58, 66 (S.D. Ind. 1995) (noting that "although the issue of when a cause of action accrues is somewhat fact-sensitive, where the relevant facts are undisputed and they lead to only one possible conclusion, the issue may be determined as a matter of law.").

Having concluded that the plaintiff's October 30, 2000 EEOC charge was timely filed for summary judgment purposes, the court turns to Alabama Power's argument that the plaintiff has

---

[3]In *Bonner v. City of Pritchard, Alabama,* 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

not adduced sufficient evidence of pretext to survive summary judgment. Mathis presented the court with the following evidence of pretext (1) he was equally or more qualified than Burgett; (2) the unduly subjective nature of Alabama Power's process for awarding promotions; (3) the unbalanced racial composition of the Management Review Board ("MRC");[4] and (4) evidence that plaintiff has, in recent years, applied for but not received eleven promotional positions.

The parameters of the court's analysis is guided by the following quote that succinctly summarizes the Eleventh Circuit's philosophy in evaluating claims of pretext:

> Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers. . . *our inquiry is limited to whether the employer gave an honest explanation of its behavior.*

*Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (citing *Mechnig v. Sears, Roebuck, & Co.*, 864 F.2d 1359, 1365 (7th Cir. 1988)) (emphasis added). Consistent with this philosophy, in a failure to promote case, a plaintiff cannot prove pretext by simply showing that he was better qualified than the individual receiving the position. *See Alexander v. Fulton County,* 207 F.3d 1303, 1339 (11th Cir. 2000). A plaintiff cannot rely on proof that the defendant's employment decisions were mistaken but instead must prove that they were in fact motivated by race, gender, or another impermissible reason. *Id.*

However, hiring a less-qualified person can support an inference of discriminatory

---

[4]A five member Management Review Committee ("MRC"), comprised of individuals identified by a Human Resources representative and the hiring manager, interviews candidates who are determined to satisfy the minimum qualifications for the position. The MRC members discuss the candidates' strengths and weaknesses and scores the candidates on the noted criteria. The MRC recommends one or more candidates to the hiring manager, who then seeks approval for his/her choice from the plant manager.

motivation when disparities between the plaintiff's qualifications and those of the person selected for the position are so apparent as virtually "to jump off the page and slap you in the face." *Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1254 (11th Cir. 2000). The *Lee* court explained that the phrase "jump off the page and slap you in the face" bespeaks of "disparities in qualifications [that are] of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Lee*, 256 F.3d at 1254.

Mathis did not provide the court with any evidence establishing a disparity in qualifications satisfying the standard enunciated in *Lee*. Although Mathis argued that he has nine years more seniority at Alabama Power than Burgett and that he had more relevant journeyman's experience, plaintiff did not provide the court with any evidence from which a reasonable juror could conclude that any disparities in qualifications between himself and Burgett are such that no reasonable person could have chosen Burgett over the plaintiff. Quite simply, the evidence in this case does not rise to the level of proof that is required when an employee attempts to prove pretext by showing that he was substantially more qualified than the person promoted.[5] Given this evidentiary deficiency, this case is distinguishable from the cases cited by the plaintiff.[6]

---

[5] The interview scoring sheets from the 2000 Team Leader selection process indicate that Mathis and Burgett were close competitors for the job. Burgett received 27 points and Mathis received 23 points. The breakdown for each individual member of the MRC was as follows: (1) Steve Woodfield (W,M), the hiring authority, ranked Burgett as first and Mathis as second; (2) Neal Hood (W,M) ranked Burgett as first for the position and ranked plaintiff as third for the position; (3) Robert Harrison (W,M) ranked Mathis first and Burgett as second; (4) Tim Reddix (B,M) ranked ranked Steve Mathis and Burgett as tied for first place; and (5) Mark Webb raked Burgett first and Mathis as fourth.

[6] *See e.g., Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1107-1108 (11th Cir. 2001) (reasoning that promotion of a less qualified person who did not meet the stated minimum criteria for the challenged position and who had misrepresented his credentials was sufficient to create a jury question of the issue of pretext).

The court also rejects Mathis' argument that the subjective nature of Alabama Power's promotional process or irregularities in the racial composition of the MRC create an inference that Alabama Power's proffered reason for selecting Burgett was pretextual. A subjective reason can constitute a legally sufficient, legitimate, nondiscriminatory reason under the *McDonnell Douglas /Burdine* analysis. A subjective reason is a legally sufficient, legitimate, nondiscriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which it based its subjective opinion. *Denney v. City of Albany*, 247 F.3d 1172, 1185-86 (11th Cir. 2001); *Chapman v. AI Transport*, 229 F.3d 1012, 1033 (11th Cir. 2000) (reasoning that subjective evaluations of a job candidate are often critical to the decision-making process, and if anything, are becoming more so in our increasingly service-oriented economy). Furthermore, although an employer's violation of its own hiring procedures may be evidence of pretext, *see Hill v. Seaboard Coast Line R.R.*, 885 F.2d 804, 811 (11th Cir. 1989), plaintiff conceded that the record does not contain any evidence of an Alabama Power policy requiring that the five-member MRC have a specific racial composition. Although Human Resources Business Representative Jacqueline Watley, an African-American female, concedes that the MRC panel could have optimally been more diverse, plaintiff simply offered no evidence of a deviation from normal hiring practices to create an inference of pretext.

Lastly, plaintiff's rejection for eleven prior promotional positions does not create an inference of pretext. For example, no evidence indicated that the selection process was discriminatory or that Mathis was denied those promotional opportunities based on race. Admittedly, Mathis' inability to secure the promotion that he has so consistently sought is frustrating. However, frustration without any evidence of a racially discriminatory animus is

insufficient, as a matter of law, to establish pretext.

### B. Retaliation in the Selection of the 2001 E&I Team Leader Position

To establish a prima facie case of retaliation, the plaintiff must provide evidence of (1) a statutorily protected expression, (2) an adverse employment action, and (3) a causal link between the protected expression and the adverse action. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). Once plaintiff has established a prima facie case of retaliation, the burden shifts to the defendant to rebut the presumption of retaliation by producing a legitimate reasons for the adverse employment action. *Id.* The *Hairston* court explained the requirement of a causal connection as requiring the plaintiff to establish that the protected activity (in this case, the filing of the EEOC charge) and the adverse employment action (failure to receive the promotion) were not wholly unrelated. *Hairston*, 9 F.3d at 920.

In interpreting the "wholly unrelated standard," the *Hairston* court, citing prior Eleventh Circuit law, opined that "*[a]t a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took the adverse employment action.*" *Hairston*, 9 F.3d at 920 (emphasis added; external citations omitted). The requisite causal connection in a retaliation case can also be inferred from close temporal proximity. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999).

At issue in this case is whether plaintiff can establish that his failure to receive the 2001 E&I Team Leader Position was not wholly unrelated to the filing of his EEOC discrimination charge. As evidence of the requisite evidentiary nexus, plaintiff points to (1) the temporal proximity between the posting of the job position and the filing of his EEOC charge; and (2)

8

Harris' failure to qualify for the 2000 E&I Team Leader position;[7] and (3) evidence that management improperly extended the bidding period on the 2001 E&I Team Leader position.

Plaintiff's evidence of the four month temporal proximity between the October 2000 filing date of his EEOC charge and his failure to receive the 2001 E&I Team Leader position in February 2001 is his best evidence of a causal connection. However, plaintiff offered no evidence of actual knowledge of the filing of the EEOC charge by Freddie Freeman, the hiring authority, or any member of the five-man MRC that ultimately recommended Harris for the position. The court finds no evidence that the putative decision makers were even aware that Mathis had filed a charge of discrimination with the EEOC. As evidenced by the court's holding in *Hairston*, "at a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time [it] took the adverse employment action." *Hairston*, 9 F.3d at 920.

At oral argument, plaintiff's counsel argued that Watley's knowledge of Mathis' filing of the EEOC charge was sufficient to impute knowledge to Freeman and the other members of the MRC. The court disagrees. Although Watley admits that she was aware of the charge during the selection process, her un-refuted deposition testimony establishes that she did not share this information with any members of the MRC.[8] Furthermore, and perhaps more importantly, the record contains no evidence that Watley submitted a score sheet for the challenged selection or

---

[7]According to the plaintiff, Harris' failure to even merit consideration for the position that he received one year later supports the inference that Alabama Power's management hand-picked the less-qualified Harris for the position as the ultimate act of retaliation against Mathis.

[8]Watley Dep., p. 170.

that she was otherwise substantively involved in the selection process[9] or that the October 2000 filing of the plaintiff's EEOC discrimination charge was common knowledge among Plant Miller employees. Without evidence of actual knowledge by Freeman or any member of the MRC, a reasonable juror simply could not conclude that Mathis' failure to secure the 2001 E&I Team Leader position was retaliatory.

The court also rejects the plaintiff's allegations that Harris' non-selection for the 2000 E&I Team Leader Position is probative evidence of retaliation. First, the undisputed evidence establishes that the five-person MRC Committee for the 2000 and 2001 E&I Team Leader positions were comprised of totally different people. Consequently, without additional evidence, Harris' selection for the E&I Team Leader position one year later does not lead to the inexorable conclusion that Harris' selection was predicated on Alabama Power's desire to retaliate against Mathis. Instead, the retaliatory inference that Mathis asks the court to draw is based on his own conclusory interpretation of the evidence without regard for other legitimate, non-discriminatory reasons for Harris' selection (i.e., a different MRC Committee for the 2001 E&I Team Leader position or the possibility that Harris acquired the requisite competencies). Similarly, plaintiff's allegations that the extension of the bidding period for the 2001 E&I Team Leader position evidences management's attempt to retaliate against him for filing an EEOC charge of discrimination is also conclusory and unsubstantiated by the record.

Lastly, even assuming that plaintiff could establish a prima facie case of retaliation, he has not provided the court with any evidence that the reasons given for Harris' selection (i.e, that

---

[9]Whatley monitors the interview and selection process but does not otherwise participate in the selection of the successful applicant.

Harris brought the best set of relevant skills to the position) is a pretext for racial discrimination. Mathis' brief alleges pretext in conclusory fashion and instead devotes the majority of his argument to attempting to establish the requisite evidentiary causal nexus required to prove a prima facie case of retaliation. Conclusory, unsupported statements are insufficient to defeat a properly-supported motion for summary judgment. *See Ramsey*, 706 F.2d at 1169-70 (noting that mere speculation is insufficient to create an issue of fact and defeat a properly-supported motion for summary judgment).

In objecting to a motion for summary judgment, the plaintiff, not the court, has the burden of producing evidence that creates a genuine issue of material fact. Based on the foregoing analysis, the court concludes that the defendant's motion for summary judgment (doc. # 30) is due to be GRANTED as to all of the plaintiff's claims.

A separate final order will be entered.

DONE and ORDERED this 7th day of January, 2004.

KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE